## MILLER v. SNOOK, Warden.

(District Court, N. D. Georgia. October 26, 1926.)

### No. 96.

Criminal law ⬅996(2).

Court cannot reduce sentence, even during term at which it was imposed, after commitment to penitentiary has issued, and marshal suffered to depart with prisoner and commitment; no effort to stop prisoner's surrender to penitentiary, which followed, being made.

Habeas Corpus. Proceeding by George E. Miller against John W. Snook, Warden. Remand ordered.

Frank A. Doughman, of Atlanta, Ga., for applicant.

Clint W. Hager, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

SIBLEY, District Judge. The applicant, Miller, was sentenced in Pennsylvania to a term of 18 months' imprisonment in the Atlanta penitentiary on October 13, 1925, the sentence to run from its date. The sentence was duly recorded and the prisoner committed to jail to await transportation to the penitentiary. On October 26th, though the record is somewhat confused, I conclude that an additional commitment was issued to the penitentiary, with a certified copy of the sentence annexed, and the marshal was preparing to convey the applicant to the penitentiary. The judge, on the afternoon of that day, informed prisoner's counsel that he would the next morning sign an or-

der reducing the sentence to a year and a day, but took no steps to stop the marshal, or to withdraw the commitment held by him. The marshal, apparently in ignorance of the judge's intention, started on his journey at 8:05 a. m. on October 27th. At 9 a. m. the judge, in his chambers, but still during the term at which the sentence was imposed, and, of course, in the absence of the prisoner, signed the promised order. He did not seek to stop the marshal from delivering the prisoner under the commitment held by him, but had a certified copy of his order reducing the sentence mailed to the warden of the penitentiary. The warden, under instructions of the Attorney General, treated the order as void, and refused to release the applicant after a year and a day, and this habeas corpus was brought for his release.

Since the recent probation act is not involved, we lay to one side any consideration of control of sentences by the courts by virtue of that or similar legislation. The general rule is that at any time during the term the court has power to reconsider its judgment, and to revise and correct it by mitigating and even by increasing its severity, where the original sentence has not been executed or put into operation. Where defendant, however, has executed or entered upon the execution of a valid sentence, the court cannot, even during the term at which the sentence was rendered, set it aside and render a new sentence, nor can it amend the judgment so as to be in effect a new sentence. 16 C. J. p. 1314; Rutland v. State, 14 Ga. App. 746, 82 S. E. 293. It has been held that, where a sentence has been partly executed, it may be revised, and another in diminution or mitigation substituted for it during the term; but, so far as such cases have been observed by me, they were either those in which an oral judgment had not been finally reduced to writing and recorded as the judgment of the court, or else were cases in which it was the prisoner who was seeking to set aside the entire judgment because of the diminution, the courts holding that it did not lie in his mouth to complain of that which was in his favor. See Plain v. State, 60 Ga. 284; In re Graves (D. C.) 117 F. 798.

Here, however, it is the other party to the case, the prosecuting government, which is contending that the effort to mitigate is in excess of the power of the judge and ineffectual to alter the original sentence. Numerous cases cited under the text of 16 C. J. 1314, support the proposition that the court is without power to alter a valid sentence in process of execution by increasing it in any way. Logically, if the reason why an increase cannot be made is a want of power in the court, that want of power prevents any alteration of the substance of the sentence. Under our system of government the judicial and executive functions are very substantially separated. The ascertainment of guilt and the fixing of punishment are essentially judicial. The seeing that the punishment is executed and enforcing the judgment of the court is executive. Discretion is given the courts in fixing punishment before execution begins, but after execution commences the prisoner is considered to be beyond the power of the court and in the hands of the executive. The rights of prosecution and prisoner then become fixed. By losing possession of the prisoner, the court loses control of his case, unless control is resumed by some proper proceeding, such as a motion for a new trial or a habeas corpus. The executive may afterwards commute or pardon, but the judge can do neither. Yet the effect of his then altering or reducing the sentence would be commutation or pardon to that extent.

Considering our frame of government, it would seem that the power of the court should logically end when the prisoner passes into the custody and control of the executive under a legal and valid sentence. The commitment is the document which marks the surrender by the court to the executive of the prisoner. It is issued by the clerk of the court to the keeper of the prison and in the name of the President, and authorizes the prison keeper to receive and hold the prisoner. In a jail sentence, when a prisoner is actually committed to jail, unquestionably he is in the hands of the executive for the execution of that sentence. In like manner, when he is actually confined in the penitentiary upon a penitentiary sentence, he is in the custody of the executive for the execution of that sentence. This case, however, presents a less simple question. Although the sentence is one to imprisonment in the penitentiary, it is made by its terms to begin to run from its date, and in point of fact the court committed the defendant to jail, and he was there held for two weeks. If he is entitled to claim this time as a service of his sentence, it would seem that the sentence was in execution, and that the judicial power over it should have terminated.

It is unnecessary, however, in this case, to decide whether, under these circumstances, the judge has or has not the power, until the

court actually sends the prisoner to the penitentiary itself, to commute or diminish the punishment. What actually happened was that the court, by its final commitment, directed the marshal, on the 26th, to take the prisoner, under the sentence as originally imposed, and deliver him to the penitentiary, and suffered the marshal to execute this commitment without any change in it, or any notice either to the marshal or the penitentiary officials that any change was desired. The custody of the marshal is somewhat ambiguous. He is an executive officer, appointed by the executive power, but is appointed to serve the court. So long as he retains physical control of the prisoner, it may well be argued that the prisoner is within the physical control of the court, and the court may order the prisoner to be returned to the court. When, however, as here, under a valid final sentence, a final commitment to the penitentiary is issued, and the marshal suffered to depart with the prisoner and this commitment and to surrender the prisoner to the penitentiary, and the court makes no effort to stop the surrender, it seems to me that, when it takes place according to that commitment, it cannot be urged that the court, in the absence of the prisoner and the marshal, could alter the substance of the sentence under which the prisoner was to serve. Compare U. S. v. Howe (C. C. A.) 280 F. 815, 23 A. L. R. 531; Ex parte Gordon, 1 Black (U. S.) 503, 17 L. Ed. 134.

I am of opinion, whatever may be the power of the court prior to the actual departure of the prisoner under final commitment, after such departure occurs and delivery to the penitentiary follows, that the power of the court does not extend either to an increase or a diminution of the penitentiary sentence. I therefore conclude that the applicant is not entitled to his release, but that he must seek relief, if he has been sentenced with undue severity, through executive clemency by pardon or parole.

An order of remand will be granted.