## UNITED STATES v. NEUFIELD et al.
### Cr. No. 52890.

District Court of the United States for the District of Columbia.

May 2, 1945.

Edward M. Curran, U. S. Atty., and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., for plaintiff.

Denny Hughes, of Washington, D.C., for defendants.

MORRIS, Justice.

These defendants were indicted on February 1, 1933, charged with robbery, alleged to have been committed in the District of Columbia on June 10, 1932. The defendant Foley was arraigned June 19, 1939, and defendants Neufield, Flynn and Rubin September 21, 1939. The long lapse of time between indictment and arraignment is accounted for by the incarceration of the defendants in a penal institution in the State of New York for other offenses committed in that jurisdiction. The defendants were jointly tried, a justice of this Court now retired presiding, and on November 17, 1939, they were found guilty as indicted. Several motions on behalf of the defendants were made and denied, and on December 15, 1939, each of the defendants was sentenced to imprisonment in the penitentiary for a term of from three to fifteen years. An appeal was taken to the United States Court of Appeals and the judgment of this Court was affirmed. The defendants are now serving the sentences imposed.

On the 10th day of March, 1945, the defendants filed a motion in this Court, asking that the sentences imposed be set aside as void on the ground that, at the time of the commission of the offense for which they were convicted, the law provided that

the punishment for such offense should be imprisonment for not less than six months nor more than fifteen years,[1] whereas the sentence actually imposed was, as above stated, for a term of from three to fifteen years. Upon this motion a hearing was had.

It is the contention, and in this I think the defendants are correct, that the sentence imposed was pursuant to the Act of Congress providing for the imposition of indeterminate sentences in the District of Columbia, which, in so far as it is relevant here, is quoted in the margin.[2] That Act contained a section which provided that, for any felony committed before July 15, 1932, the penalty, sentence or forfeiture provided by law for such felony at the time such felony was committed shall remain in full force and effect and shall be imposed.[3]

It should also be noted that prior to the passage of the Act of July 15, 1932, just mentioned, under the law applicable to parole, a person convicted of crime in the District of Columbia (as elsewhere in the Federal jurisdiction), serving a sentence of more than one year, if such person's record of conduct showed that he had observed the rules of the institution in which he was confined, could be released on parole by the parole authority after having served one-third of the total of the term for which he was sentenced.[4] At the time of the commission of the offense here being considered such authority was vested in the Federal Board of Parole.[5] By the Act of

---

[1] Title 6, Sec. 34, D.C.Code 1929. "Robbery.—Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years. (Mar. 3, 1901, 31 Stat. 1322, c. 854, sec. 810.)"

[2] Title 6, Sec. 453, Supp. V, D.C.Code 1929. "Imposition of indeterminate sentences authorized; parole of life prisoners. —In imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period, not exceeding the maximum fixed by law, and for a minimum period not exceeding one-fifth of the maximum period fixed by law, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence: * * *. (July 15, 1932, 47 Stat. 697, c. 492, § 3 * * * *.)"

[3] Title 6, Sec. 457, Supp. V, D.C.Code 1929. "Repeal provision.—All Acts or parts of Acts inconsistent with the provisions of sections 451–458 of this title are hereby repealed: Provided, however, That for any felony committed before July 15, 1932, the penalty, sentence, or forfeiture provided by law for such felony at the time such felony was committed shall remain in full force and effect and shall be imposed, notwithstanding sections 451–458 of this title. (July 15, 1932, 47 Stat. 698, c. 492, § 7.)"

[4] Title 18, U.S.C.A. § 714. "Parole of prisoners; conditions. Every prisoner who has been or may hereafter be convicted of any offense against the United States and is confined in execution of the judgment of such conviction in any United States penitentiary or prison, for a definite term or terms of over one year, or for the term of his natural life, whose record of conduct shows that he has observed the rules of such institution, and who, if sentenced for a definite term, has served one-third of the total of such term or terms for which he was sentenced, or, if sentenced for the term of his natural life, has served not less than fifteen years, may be released on parole as hereinafter provided. (June 25, 1910, c. 387, § 1, 36 Stat. 819; Jan. 23, 1913, c. 9, 37 Stat. 650.)"

[5] Title 18 U.S.C.A. § 723a. "[Parole of prisoners]; creation of single Board of Parole; membership; appointment; salary. In lieu of all boards of parole at Federal penal and correctional institutions existing on June 12, 1930, there is created as of that date a single Board of Parole to consist of three members to be appointed by the Attorney General, at a salary of $7,500 each per annum. (May 13, 1930, c. 255, § 1, 46 Stat. 272.)"

Title 18 U.S.C.A. § 723b. "[Parole of Prisoners]; power, authority and duties of Board of Parole; prisoners in State reformatories. All power and authority on June 12, 1930 vested in, and all duties on that date imposed upon, the Attorney General and the several boards of parole existing on that date with respect to the parole of United States prisoners are as of that date transferred to the Board of Parole created by section 723a of this title: Provided, however, That this section and sections 723a and 723c of this title shall not affect the method, terms, or conditions under which United States prisoners confined in any State reformatory are paroled, except that the power to approve the release on parole of such prisoners is con-

July 15, 1932, there was established in the District of Columbia a Board of Indeterminate Sentence and Parole for the penal institutions for said District.[6] To this Board was transferred all powers of the Federal Parole Board existing on July 15, 1932, over prisoners confined in the penal institutions of the District of Columbia, and it was expressly provided that in the case of a prisoner convicted of felony committed prior to July 15, 1932, the Board of Indeterminate Sentence and Parole may parole said prisoner after said prisoner had served one-fifth of the sentence imposed.[7]

■ It has been definitely held by our Court of Appeals that "an *indeterminate sentence* is one for the maximum period imposed by the court, subject to termination by the Parole Board at any time after service of the minimum period." (Italics supplied.) Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, 187. Quoting from United States ex rel. Paladino v. Commissioner, 2 Cir., 43 F.2d 821, the Court stated: "Indeterminate sentences have long been held sentences for the maximum term for which the defendant might be imprisoned. * * * [Citing numerous authorities.]"

■■ *From the foregoing, it seems clear* that, not only is the maximum sentence imposed on each of the defendants in the present case one which was clearly authorized by the law applicable at the time of the commission of the offense for which he was sentenced, but also that the minimum sentence imposed by the court, being one-fifth of the maximum sentence imposed, was the period he would be required to serve before he could be released on parole, even though he had been given a straight sentence of fifteen years and no minimum sentence had been articulated. See note 7,

supra. Since, then, the sentences imposed were in no way in excess of that authorized by law, I fail to see how such sentences can be said to be void. The defendants rely upon the authority of De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839, and the Government concedes that, if that case controls, the sentences here should be set aside as void. In that case it was held that in a criminal case, in the Federal courts, a sentence not imposed in strict accordance with the penalty statute is void. There, as here, an indeterminate sentence was imposed when the law applicable at the time the offense was committed required a straight sentence. In that case this Court (then the Supreme Court of the District of Columbia) set aside the indeterminate sentence as void and imposed a straight sentence for such term as would make the total confinement substantially the same, but somewhat less than, the defendant would have been required to serve under the maximum of the indeterminate sentence imposed. The Court of Appeals affirmed the imposition of the straight sentence. I could not, of course, rule contrary to the principles accepted in that case, if it were clear that its authority is unimpaired. However, in the case of Jones v. United States, App.D.C., 151 F.2d 289, decided subsequent to the hearing on the motion being considered, the Court adhered to the principle laid down by the Supreme Court in United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 751, 38 L.Ed. 631: "Without undertaking to review the authorities in this and other courts, we think the principle is established that, where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only

ferred upon the Board of Parole created by section 723a of this title. (May 13, 1930, c. 255, § 2, 46 Stat. 272.)"

[6] Title 6, Sec. 451, Supp. V, D.C.Code 1929. (July 15, 1932, 47 Stat. 696, c. 492, Sec. 1.)

[7] Title 6, Sec. 458, Supp. V, D.C.Code 1929. "Powers of prior Board transferred; application of law to prisoners sentenced before parole law became effective. —Upon the appointment of the members of said board, the powers of the parole board existing on July 15, 1932, over prisoners confined in the penal institutions of the District of Columbia shall cease and determine and all the powers of said existing parole board under the authority of

sections 714–723, Title 18, U.S.Code, over said prisoners confined in the penal institutions of the District of Columbia shall be transferred to and vested in said Board of Indeterminate Sentence and Parole: Provided, however, That in the case of a prisoner convicted of felony committed prior to July 15, 1932, and in the case of any prisoner convicted of misdemeanor when the aggregate sentence imposed is in excess of one year, said Board of Indeterminate Sentence and Parole may parole said prisoner, under the provisions of sections 451– 458 of this title, after said prisoner has served one-fifth of the sentence imposed. (July 15, 1932, 47 Stat. 698, c. 492, § 9.)"

leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence."

Under that authority, this Court clearly having jurisdiction of the person of each defendant and of the offense, and the sentences imposed being not in excess of that authorized by law, such sentences should not be disturbed.

It was asserted in argument at the hearing of this motion that much has come to light which would show that these defendants are innocent of the crime for which they are now serving sentence. These are matters which should be considered by appropriate authorities, certainly not in the determination of this motion.

The motion will be denied.