**WALTON v. UNITED STATES (two cases).**

Nos. 11393, 11394.

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 21, 1952.

Decided Jan. 15, 1953.

robbery charge and to two to six years on the other charges. Not more than fifteen minutes had elapsed before the court recognized its error. The defendants were immediately returned to the courtroom, the sentences were vacated, and the terms of imprisonment were reversed; the greater sentence was imposed upon appellant Walton, the lesser on Kendall. Counsel for appellant was present throughout the trial and during the first sentencing but he was absent when the corrected sentence was pronounced.

Appellant then filed a motion to vacate sentence based on the theory that he had already begun to serve his term by his commitment to a "place of detention" within the meaning of 18 U.S.C. § 3568 (Supp. 1952),[1] during the fifteen minute interval between the two sentences, and that it was therefore beyond the power of the court to make any amendment. The motion was denied on the ground that appellant had remained in the control of the court at all times. No appeal was taken.

Subsequently, appellant filed a second motion to vacate, renewing his contention that the first sentence had begun to run when the corrected sentence was pronounced, and adding the new ground that the absence of counsel during the re-sentencing amounted to a deprivation of his constitutional rights. It is from a denial of this motion that the present appeal was taken.

Robert E. Walton, Jr., pro se, submitted on the brief for appellant.

Charles M. Irelan, U. S. Atty., Joseph M. Howard, Lewis A. Carroll and Grace B. Stiles, Asst. U. S. Attys., Washington, D. C., submitted on the brief for appellee. William E. Kirk, Jr., Asst. U. S. Atty., Washington, D. C., also entered his appearance in behalf of the appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

Appellant Walton and his co-defendant Kendall were tried and convicted on several counts of robbery, larceny, housebreaking, and forgery. Walton alone was also convicted of the theft of an automobile. When pronouncing sentence the court confused the identity of the defendants, and, in spite of the fact that Walton had been convicted of a greater number of offenses, sentenced him to only one to three years imprisonment, whereas Kendall was sentenced to four to twelve years on the

■ The lower court found, as a matter of fact, that the interim of time allowed between the original sentence and the amended sentence would be sufficient only for appellant to have been taken from the third floor courtroom to the cellblock on the first floor and immediately returned to the courtroom for a corrected sentence. Thus, appellant was at all times within the court building and still under the control of the trial judge. Congress did not intend to make a jail out of the courtroom and its means of entrance and exit. Rowley v. Welch, 1940, 72 App.D.C. 351, 114 F.2d 499, 501. In a case with facts almost identical to those involved in the instant case,[2] the

1. 62 Stat. 838.

2. De Maggio v. Coxe, 2 Cir., 1934, 70 F. 2d 840.

Court of Appeals for the Second Circuit held that a detention room adjoining the courtroom is not a "place of detention" within the meaning of 18 U.S.C. § 709a (upon which Section 3568 of Title 18 is based). Since appellant had not been transferred to executive custody when the amended sentence was imposed, he cannot be said to have commenced to serve the term of imprisonment provided for in the original sentence. Accordingly, the trial court did not exceed its power in recalling appellant for a corrected sentence and did not violate his constitutional right of protection from double jeopardy.

█ As concerns the second point of appellant's motion, it is settled law that, in the trial of criminal cases in the federal courts, the defendant is entitled to the assistance of counsel at every stage of the proceeding. However, recognition of this principle does not require a court to upset a conviction merely upon proof that at some particular stage of the proceeding counsel may not have been present. There must be some showing that the absence of counsel would or could have resulted in prejudice to defendant's rights. When there manifestly is not even a possibility of injury, there is no such error as would require vacation of the sentence.

█ The facts in the instant case show that the court fully intended to impose the longer term of imprisonment upon appellant when it pronounced the original sentence and that it was prevented from carrying out its purpose only by a deplorable confusion of names. Counsel had been present when the court's decision was made; he had presented all of the mitigating circumstances for the consideration of the trial judge; he had undoubtedly pleaded for leniency to the best of his ability—there was nothing more he could have done when the corrected sentence was imposed.

In short, we cannot conceive of any real benefit to appellant from the presence of an attorney during resentencing nor of any injury from counsel's absence.[3] The failure of counsel to appear while the court corrected the result of an inadvertence was merely an inconsequential error, insufficient to impair the validity of the sentence.

Affirmed.

WASHINGTON, Circuit Judge (dissenting).

I agree that appellant's first motion to vacate sentence was properly denied: on no realistic basis could it be said that he had begun to serve his term at the time the corrected sentence was imposed. His second motion to vacate raises a much more serious question.

An accused is in special need of the aid of counsel at the time he is sentenced. In this case, Walton's counsel was present at the pronouncement of the original sentence, after having made a strong plea in behalf of his client. He left the courtroom when Walton was removed, no doubt content with the sentence imposed. Shortly after, Walton was brought back and the heavier sentence was meted out, counsel being absent. On the present record, I am not satisfied that no detriment resulted. True, if counsel had been present, it is unlikely that he could have succeeded in persuading the court to adhere to the original ruling. But at least he would have been in a position to take without delay, in the light of the new sentence, any further steps he thought might advance his client's interests, including, it may be, the filing of an appeal.[1]

These happenings do not of themselves entitle Walton to his freedom. But I think he is entitled, even at this late date, to be brought before the trial court, accompanied by counsel, for imposition of a new sen-

3. The situation would no doubt be different had the court initially decided on a mild sentence which it wished to increase after some reflection, after the happening of some event, or after discovery of new facts. In such case, absence of counsel would probably amount to prejudicial error.

1. Compare Rule 37(a) (2), Rules of Criminal Procedure, 18 U.S.C.: "When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal. * * *" Nothing of the sort was done here.

tence. See Martin v. United States, 5 Cir., 1950, 182 F.2d 225, 20 A.L.R.2d 1236, certiorari denied 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647; Howell v. United States, 4 Cir., 1949, 172 F.2d 213, certiorari denied 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718. Cf. Evans v. Rives, 1942, 75 U.S.App.D.C. 242, 126 F.2d 633; see generally Annotation, 20 A.L.R.2d 1240. Counsel could at that time advance a plea for leniency. While such a plea might be fruitless, that is no reason for not letting it be made.