Garland A. HARDY, Petitioner,

v.

UNITED STATES of America.

United States District Court
S. D. New York.
Aug. 9, 1957.

Garland A. Hardy in pro per.

CASHIN, District Judge.

On June 2, 1956 defendant was arrested pursuant to a "John Doe" warrant issued by the United States Commissioner for the Southern District of New York. The warrant described the subject of the warrant and directed that he be brought before the United States Commissioner to answer to a complaint charging him with attempting to pass and utter and alter a United States Treasury check payable to one Norman Turner in the amount of $42.81, which had been altered to the amount of $542.81. At the time of his arrest by agents of the United States Secret Service a search of the premises was made.

Defendant was brought before the Honorable Edward Weinfeld, District Judge for the Southern District of New York, to answer the complaint that had been issued by the United States Commissioner. At this appearance defendant admitted he was the subject of the warrant. Defendant was also shown a copy of the statement which he had given the agent of the United States Secret Service and admitted that everything in the statement was true.

On June 6, 1956 a sixteen count indictment was filed against defendant.

On June 8, 1956 defendant, having counsel, pleaded guilty to the first twelve counts of the indictment and not guilty to Counts 13 through 16.

On June 19, 1956 defendant moved to withdraw his plea of guilty and to enter a plea of not guilty. The Honorable John F. X. McGohey, District Judge for the Southern District of New York, on June 25, 1956, granted defendant's motion. In his written Opinion Judge McGohey, stated that although the record showed that defendant was fully aware of what he was doing when he pled guilty that "nevertheless, to remove all bases for any claim of unfairness, the motion to withdraw the pleas of guilty to Counts 1 through 12 is granted".

On June 19, 1956 Reuben Terris was substituted as counsel for defendant. On July 5, 1956 defendant, through his counsel, moved for an order pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., suppressing the evidence obtained against the petitioner as a result of the search of his home at the time of his arrest and for an order suppressing the confession signed by defendant after his arrest. He also moved, through his attorney, for an order to inspect the minutes of the Grand Jury and for an order dismissing the indictment.

The Honorable Thomas F. Murphy, District Judge for the Southern District

of New York, in a Memorandum Opinion, 160 F.Supp. 47, denied defendant's motion to suppress the evidence seized at the time of his arrest and for the confession signed by defendant leaving for the trial Court's determination the issue of whether defendant's confession was voluntarily made.

On July 19, 1956 the defendant submitted a new motion for an order, pursuant to Rule 4(b) of the Federal Rules of Criminal Procedure, dismissing the indictment against him because of the alleged illegal arrest pursuant to the "John Doe" warrant.

On July 30, 1956 this Court permitted defendant's counsel, Reuben Terris, to withdraw from the case. Robert Mitchell was assigned by the Court to act as counsel for the defendant. Defendant thereupon withdrew his motion of July 19, 1956 and pleaded guilty to Counts 1, 7, 9, 10, 11 and 12 of the indictment which charged him in violation of 18 U.S.C. §§ 1708 and 495 of unlawfully stealing letters from hallway letter boxes; unlawfully possessing the contents of letters, knowing them to have been stolen; forging endorsement on United States Treasurer's check and with intent to defraud the United States, utter said check, knowing the endorsement to have been forged. The remaining Counts were dismissed with the consent of the United States Attorney.

On July 30, 1956 this Court imposed a sentence on the defendant of five years on each Count to which he had pleaded guilty, the sentence to run concurrently. Defendant did not appeal.

Thereafter, on February 19, 1957, this Court denied defendant's application to proceed in forma pauperis to obtain a copy of the Court's records pertaining to his arrest, indictment and conviction.

This Court also thereafter, on April 15, 1957, denied defendant's application for a reconsideration of his prior application to proceed forma pauperis to obtain the records of the case, reaffirming its decision of February 19, 1957.

Defendant now petitions this Court under 28 U.S.C. § 2255 to vacate the sentence and judgment. Defendant's petition is replete with conclusionary statements (which this Court need not, but nevertheless has, considered) alleging violations of his constitutional rights. He claims that he was illegally arrested and his home illegally searched; denied a hearing; denied the right to face his accusers; that the Government used perjured statements against him and denied him the right to be present during hearing on motion to suppress and dismiss.

■ Aside from the insufficiency of defendant's petition the conviction which he seeks to vacate rests not upon any of the above enumerated alleged defects but upon his plea of guilty made in open court. Therefore, if freely made, all non-jurisdictional defects were thereby waived. United States v. Sturm, 7 Cir., 180 F.2d 413, certiorari denied, 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388; Chadwick v. United States, 5 Cir., 1948, 170 F.2d 986. See also Richardson v. United States, 10 Cir., 1952, 199 F.2d 333; Weatherby v. United States, 10 Cir., 1945, 150 F.2d 465; Weir v. United States, 7 Cir., 1937, 92 F.2d 634; Cohen v. United States, D.C.E.D.Mich.1954, 123 F.Supp. 717; United States v. Gray, D.C.D.C.1949, 87 F.Supp. 436.

■ However, petitioner alleges that his plea of guilty was coerced and made under duress. The record clearly refutes his allegation. The record shows Judge McGohey found that when defendant first pleaded guilty he was fully aware of what he was doing. Nevertheless, he was allowed to withdraw this plea to remove any claim of unfairness.

The record also shows that on July 30, 1956 the following took place:—

"Mr. Mitchell: May I just advise you, your Honor, that in this case the man pled guilty to 12 counts previously, when the Legal Aid had him. The plea was withdrawn, motions were made to suppress evidence, and so on.

"I call that to your attention to advise your Honor so you know it, and I would ask your Honor to ask

him on each count if he realizes what he is doing.

"The Court: You are agreeable to accepting the services of Mr. Mitchell in your case?

"The Defendant: Yes, sir.

"The Court: What is the first count?

"Mr. Mitchell: Count 1, your Honor.

"The Court: You are Hardy; is that right?

"The Defendant: Yes, sir.

"The Court: The first count of this indictment charges that you did steal, take and abstract, and attempt to steal, take and abstract, from an authorized depository for mail matter of the United States, to wit, a hall letterbox, a certain letter addressed to Susan B. Morey, 517 West 161st Street, New York, New York. You plead guilty to that count?

"The Defendant: Yes, sir.

"The Court: You understand this plea of guilty you are putting in here is done of your own voluntary—

"The Defendant: Yes, sir; no coercion.

"The Court: You have not been coerced, threatened, or promised anything?

"The Defendant: No.

"The Court: Your plea of guilty is your own free act; is that right?

"The Defendant: Yes, sir.

"The Court: What is the next count?

"Mr. Mitchell: Count 7, your Honor.

"The Court: The 7th count says that on the 29th of May 1956, that you unlawfully, wilfully and knowingly had in your possession the contents of a certain letter addressed to Delsie C. Love, 19 Hamilton Terrace, New York, New York, which had been stolen, taken, embezzled and ab-stracted from and out of an authorized depository for mail matter.

"The Defendant: That is right, sir; I plead guilty to that.

"The Court: Do you answer the same questions, which I repeat to you now, as you did to the first count?

"The Defendant: Yes.

"The Court: You understood those questions?

"The Defendant: Yes, sir.

"The Court: This is your voluntary plea?

"The Defendant: That is right.

"The Court: Without threat, coercion or promise?

"The Defendant: That is right.

"The Court: What are the other counts?

"Mr. Mitchell: 9, 10, 11 and 12.

"The Court: As to counts 9, 10, 11 and 12—

"The Defendant: The same pleas.

"The Court: And if I asked you the same questions in toto your answers would be the same; is that right?

"The Defendant: Yes, sir.

"The Court: All right, take his plea.

"The Clerk: You understand the charges in those counts, do you?

"The Defendant: Yes, I do.

"The Clerk: And you withdraw your plea of not guilty and plead guilty to counts 1, 7, 9, 10, 11 and 12?

"The Defendant: Yes."

Furthermore, defendant in his petition states Mr. Mitchell, while advising him to plead guilty, nevertheless said "if you still want to go to trial I'll go with you". Therefore, it is clear that petitioner's plea was his own free act.

■■ Petitioner alleges that he was inadequately represented by counsel. However, here again the records show just the contrary. Defendant was repre-

sented by counsel throughout the proceedings. Three attorneys advised and represented him, each at successive stages of the proceedings. Motions were made on his behalf. Nothing shows that these duties were performed in a perfunctory manner. The representation given him by his counsel may not have been infallible but he is neither entitled to nor indeed is it possible to obtain such services. It is clear that his representation was not of such a caliber so as to reduce the proceedings to a farce and mockery of justice. Therefore, he cannot now set aside the conviction on this ground. United States v. Bloom, D.C.S.D.N.Y.1956, 144 F.Supp. 808; United States ex rel. Feeley v. Ragen, 7 Cir., 1948, 166 F.2d 976; Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; United States ex rel. Mitchell v. Thompson, D.C.S.D.N.Y.1944, 56 F.Supp. 683.

■ Defendant also alleges he was not given the opportunity to be heard before sentence was imposed. However, the record shows that defendant immediately thereafter was given the opportunity to speak, and indeed did so. Defendant was still in the presence of and under the control of the Judge and clearly had not commenced to serve his term of imprisonment. The sentence could have been changed. Walton v. United States, 1953, 92 U.S.App.D.C. 26, 202 F.2d 18. Having been heard, defendant cannot now rely upon Rule 32(a) of the Rules of Criminal Procedure in alleging he was not heard before the imposition of the sentence. Sandroff v. United States, 6 Cir., 1949, 174 F.2d 1014.

■ Having considered the present petition carefully, I find that the motion and files and records of the case conclusively show that petitioner is entitled to no relief. Therefore, no hearing is necessary. Motion denied.

It is so ordered.

The Clerk of this Court is directed to transmit a copy of this Opinion to the defendant at the institution in which he is confined.