**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Lee BUONOMO, Defendant-Appellant.**

**No. 15713.**

United States Court of Appeals
Seventh Circuit.

Dec. 16, 1966.

Rehearing Denied Jan. 9, 1967.

Certiorari Denied March 27, 1967.

See 87 S.Ct. 1286.

Melvin B. Lewis, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Richard T. Sikes, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Richard Lee Buonomo, defendant, appeals from a judgment of the district court entered March 29, 1966 on his plea of guilty, sentencing him to the custody of the attorney general for a period of five years, said sentence to run consecu-

tively to a sentence imposed by an Illinois court.

The record before us reveals that, in so doing, the court was attempting to correlate the service by Buonomo of its sentence and that of the Illinois court. It further appears that, while the state court had sentenced defendant on October 25, 1965 to an indeterminate prison term of one to three years and one day, in a spirit of comity, it had specified that the sentence would begin on or about April 1, 1966, thus affording an opportunity for the delivery of defendant to the federal government for prosecution in the case which we are now considering and in which defendant was indicted on November 12, 1965. These prior state court proceedings were known to the district court when on March 29, 1966, it sentenced defendant as aforesaid.

Defendant's motion for a ten-day stay of sentence was denied and he was then taken into custody by the United States marshal. However, on the same day the government in effect moved for an order granting a stay of one week. That motion was continued until the next day at which time defendant and his counsel appeared, defendant still being in the custody of the marshal. At that time an order staying execution until April 2, 1966 was entered.

The government takes the position that the district court exercised its inherent power in entering the orders of which complaint is made. We agree. Defendant's counsel argues "the modification was legally wrong. And the subterfuge of the meaningless 'stay of execution', was morally wrong."

Our view is that the federal sentence was to be served immediately *after* the Illinois court sentence had been served, which could not be earlier than April 1, 1966. Thus defense counsel is mistaken when he argues that, because defendant was not able to furnish bail to secure his immediate release, he was in effect actually ordered to commence serving his federal sentence immediately. It was never the intention of the district court, in imposing sentence on defendant, to require him to commence serving it before the expiration of his state court confinement. It follows that defendant never started serving his federal sentence in the months of March or April 1966. His mere detention in connection with any phase of the proceedings in the federal court during that period of time or prior thereto was incidental to the disposition of the criminal charges involved.[1] His detention for that purpose did not constitute confinement or imprisonment under the judgment which was entered against him in the federal court.

It does appear clearly from the orders that the district court imposed a federal sentence which was to be served immediately after the sentence imposed by the Illinois court had been served, which latter sentence was not to commence until on or about April 1, 1966. In order to assure the presence of defendant when required to commence serving his federal sentence, the district court had ample authority to admit him to bail, conditioned upon his surrendering himself to commence such service of the federal sentence, and upon default in bail to take and hold him in custody. Such an order was entered and the bond was fixed at $50,000, which was not furnished by defendant.

It is thus apparent that the fact that the state sentence had been stayed to a date which permitted the prior imposition of the federal sentence presented a situation in the face of which the district court exercised its inherent power under the circumstances of this case.

For these reasons the judgment from which defendant appeals is affirmed.

Judgment affirmed.

---

1. During that period he was not committed or detained to await transportation to the place where his sentence was to be served. 18 U.S.C.A. § 3568; cf. 7 Cir.,

Trant v. United States, 90 F.2d 718, 719, 720 (1937). See also Walton v. United States, 92 U.S.App.D.C. 26, 202 F.2d 18, 19 (1953).