**Linwood R. GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10366.**

District of Columbia Court of Appeals.

Submitted June 2, 1976.

Decided Sept. 30, 1976.

Christopher G. Hoge, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry, Albert H. Turkus, and Larry C. Willey, Asst. U.S. Attys., Washington, D.C., for appellee.

Before NEBEKER and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

■ This appeal challenges the validity of a sentence imposed after the trial court misspoke itself in imposing sentence a few minutes earlier. Appellant entered a guilty plea to one count of manslaughter as a lesser-included offense of second-degree murder for which he had been indicted.[1] Within an hour after imposing a sentence of 3 to 6 years, and while appellant was still in the courthouse, the trial court judge discovered that he had "misspoke[n]" himself. He resentenced appellant to a term of 3 to 9 years. Appellant urges, as he did at the time, that imposition of the corrective sentence was barred by the double jeopardy clause of the Fifth Amendment. Finding appellant's argument to be lacking in merit, we affirm.

We note that the record does not reveal where appellant was taken after his initial sentencing hearing. The government's brief states that "for purposes of this case, we will assume *arguendo* that normal procedures were followed and that appellant was taken to a cellblock in the court complex by a Deputy United States Marshal at approximately 2:25 p.m. to await transportation to the jail." (Brief for Appellee at 9 n.10.) Appellant has not challenged this assumption. We proceed on the basis that the assumption is correct.

We begin where the parties are in agreement.

It is well settled that a sentence in all respects legal cannot be increased after the defendant has begun serving it.[2] . . . A sentence plainly illegal, how-

---

1. The indictment charged second-degree murder while armed (D.C.Code 1973, §§ 22–2403,–3202), and second-degree murder (D.C. Code 1973, § 22–2403).

2. *See also Borum v. United States*, 133 U.S. App.D.C. 147, 154, 409 F.2d 433, 440 (1967).

ever, . . . may corrected even after the defendant has begun serving it. . . . [*United States v. Evans*, 148 U.S.App.D.C. 110, 112, 459 F.2d 1134, 1136 (1972) (citations omitted).]

It is thus necessary to determine whether the appellant had begun serving his sentence. Since we conclude that it is inescapable that the service of sentence had not commenced, it is unnecessary to decide whether the sentence, or merely the minimum portion of it, was illegal.[3]

■ The relevant touchstone in determining whether appellant has commenced serving his sentence is whether he was delivered to executive custody for that purpose. *See Cisson v. United States*, 37 F.2d 330 (4th Cir. 1930). Thus, it is important to know the nature of appellant's confinement during this brief period. We note that appellant had not been "received at the penitentiary, reformatory, or jail".[4] Appellant was in the custody of a Deputy United States Marshal "and subject to his control in the same way as he would have been had he been in custody awaiting sentence. . . ." *Cisson v. United States, supra* at 332. The "marshal of the District" performs an essential function in the court system by taking custody of prisoners while in court and transferring them between the courts and the jail. *See* D.C. Code 1973, § 24–413. *See also* D.C.Code 1973, § 24–414.

■ Appellant, while in the holding cell, "was in the courthouse . . . under constraint which was exercised by officials of the court and therefore of the court itself". *Rowley v. Welch*, 72 App.D.C. 351, 356, 114 F.2d 499, 504 (1940). *See also Cisson v. United States, supra* at 332; *Miller v. Snook*, 15 F.2d 68 (N.D.Ga. 1926); *cf. Walton v. United States*, 92 U.S.App.D.C. 26, 27, 202 F.2d 18, 19 (1953).[5] The holding cell in the instant case, like the elevator in *Rowley v. Welch, supra* at 353–54, 114 F.2d at 501–02 (which was used to temporarily hold Rowley), was not a "jail" or "place of detention" within the meaning of 18 U.S.C. § 3568.[6] "Congress did not intend to make a jail out of the courtroom and its means of entrance and exit." *Walton v. United States, supra* at 27, 202 F.2d at 19 (citation omitted).

Under the circumstances, we must disagree with appellant's contention that the trial judge was precluded from correcting the original sentence because appellant had been delivered to the marshal's custody and had commenced serving his sentence when

---

3. *See* D.C.Code 1973, § 24–203(a) (requirement that the minimum sentence—parole eligibility—be at most one-third of the maximum). *See also Story v. Rives*, 68 U.S.App. D.C. 325, 97 F.2d 182 (1938), and *United States v. Neufield*, 62 F.Supp. 600 (D.D.C. 1945).

4. Both parties cite 18 U.S.C. § 3568 (1970) (or its predecessor, 18 U.S.C. § 709a (1940)), which provides in pertinent part as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . .

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"The [above] section was intended primarily to regulate the calculation of the time during which the prisoner should be detained." *Rowley v. Welch*, 72 App.D.C. 351, 354, 114 F.2d 499, 502 (1940). It is questionable whether it affects a court's power to correct error in sentences. *Id.*

5. The court in *Borum v. United States, supra* note 2, 133 U.S.App.D.C. at 155 n. 36, 409 F.2d at 441 n. 36, distinguishes between the temporary custody of the judiciary which is exercised while in the courthouse and the actual confinement in a designated penitentiary for the purpose of serving a judicially imposed sentence.

6. *See* note 4, *supra*. The court in *Walton v. United States, supra*, 92 U.S.App.D.C. at 27, 202 F.2d at 19, citing *De Maggio v. Coxe*, 70 F.2d 840 (2d Cir. 1934), also noted that "a detention room adjoining the courtroom is not a 'place of detention' within the meaning of the [statute]."

he was placed in the courthouse cell. The trial court is not precluded from correcting an inadvertent pronouncement, even by increasing the sentence providing the change is made promptly as was the situation in the instant case.[7]

Accordingly, the judgment of the trial court is

*Affirmed.*

7. *Rowley v. Welch, supra* at 355, 114 F.2d at 503.