**Cornel D. THOMAS, a/k/a Cornell D. Thomas, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 12855, 12863.

District of Columbia Court of Appeals.

Submitted June 6, 1978.

Decided July 10, 1978.

Geoffrey P. Gitner, appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Michael W. Farrell, Paul N. Murphy and Reggie B. Walton, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before GALLAGHER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

On June 27, 1977, appellant pleaded guilty to robbery and grand larceny charges contained in indictments filed against him on May 11, 1977 and June 13, 1977, respectively. On October 5, 1977, at 10 a. m., he appeared for sentencing and received concurrent terms of imprisonment of two to six years for robbery and one to five years for grand larceny. The sentencing judge did not sign a commitment order, and appellant remained in the courthouse cell block until approximately 5 p. m. that afternoon, when he was called to appear once again before the court. The sentencing judge informed appellant that he had inadvertently im-

posed concurrent sentences when, in fact, he had intended that they be served consecutively. Appellant was then resentenced consecutively, to reflect the judge's original and prevailing intention.

Appellant contends here that because his resentencing took place some seven hours after imposition of the original, inadvertent sentence, it was not sufficiently prompt and thus violated the Double Jeopardy Clause of the Fifth Amendment, which proscribes being twice punished for the same offense. Review of relevant case authority compels rejection of this contention.

This court was presented with a similar set of circumstances in *Green v. United States,* D.C.App., 363 A.2d 979 (1976). There, appellant's initial sentence had been the product of error by the sentencing judge. Within an hour of the inadvertent sentence, appellant was recalled from the courthouse cell block in which he had been held in the interim. The judge resentenced appellant to a longer maximum term. In upholding this, we observed that "[t]he relevant touchstone in determining whether appellant has commenced serving his sentence is whether he was delivered to executive custody for that purpose." *Green v. United States, supra* at 981 (citation omitted). We found that temporary detention in the cell block did not constitute such a delivery, and said:

> Under the circumstances, we must disagree with appellant's contention that the trial judge was precluded from correcting the original sentence because appellant had been delivered to the marshal's custody and had commenced serving his sentence when he was placed in the courthouse cell. The trial court is not precluded from correcting an inadvertent pronouncement, even by increasing the sentence providing the change is made promptly as was the situation in the instant case. [*Id.* at 981–82.]

In *Green,* we relied heavily on *Rowley v. Welch,* 72 App.D.C. 351, 114 F.2d 499 (1940). In that case, as in the case at bar, appellant was sentenced concurrently, and resentenced consecutively after the trial court learned of its error. In the interim, not more than one-half hour, appellant had been held in a courthouse elevator. The court upheld the resentencing, noting that the elevator was not a place of detention or jail within the meaning of a relevant statute, that service of sentence had thus not begun, and that the court was therefore free to correct its error.

> [W]e find no authority which holds that under the Fifth Amendment jeopardy attaches finally and irrevocably at the instant of oral utterance of sentence, so as to preclude increasing it subsequently, regardless of the promptness with which the change is made and the causes which induce the court to make it. [*Id.* at 355, 114 F.2d at 503.]

Appellant concedes, as he must, on the authority of *Green* and *Rowley,* that his interim detention in the courthouse cell block did not constitute delivery to the Attorney General for execution of sentence, and that resentencing was not precluded on this ground. He argues, however, that his case is distinguishable from *Green* and *Rowley* because resentencing in those cases was accomplished within one hour and one-half hour, respectively, while resentencing here occurred seven hours after imposition of the initial, inadvertent sentence. He maintains that the absence of prompt resentencing in the case at bar runs afoul of the Double Jeopardy Clause's proscription against being twice punished for the same offense.

In a technical sense, the Double Jeopardy Clause is inapplicable absent a transfer of a convicted individual from the judiciary, which pronounced sentence, to the executive, which administers it. *See Rowley v. Welch, supra* at 355, 114 F.2d at 503; *Cisson v. United States,* 37 F.2d 330 (4th Cir. 1930). Both *Rowley* and *Green* make clear, however, that the Double Jeopardy Clause is violated, even absent such a transfer of custody, when resentencing does not occur in a reasonably prompt manner. Although neither decision explains why, careful reading of each compels the inference that the promptness requirement is

imposed to prevent circumvention of the Double Jeopardy proscription, which would occur, for example, if a convicted individual were held indefinitely in the cell block, subject to imposition of a more severe sentence.

█ Neither *Green* nor *Rowley* offers a standard for determining whether resentencing has been imposed with promptness sufficient to comply with the Double Jeopardy Clause. Indeed, in *Rowley,* the court stated that it "need not determine the exact point in time which fixes the ultimate limit to the court's power to make the correction." *Rowley v. Welch, supra* at 356, 114 F.2d at 504. The *Rowley* court was satisfied that a one-half hour delay was within the limit; in *Green,* we were satisfied that an hour was sufficiently prompt. Although the case at bar presents a period of greater duration between sentencing and resentencing, we find, by reference to the purpose of the promptness requirement, that the seven-hour delay is constitutionally sustainable.

The record in this case is barren of any indication that the seven hours appellant was held following imposition of his first, inadvertent sentence represented an attempt by the government to circumvent the protection of the Double Jeopardy Clause. Appellant was detained in the cell block for a legitimate administrative purpose. He had been transported that morning from the District of Columbia Jail, where he had been committed pending sentence, and was held here awaiting return to that facility. We judicially notice that prisoners are brought to court from that and other local prison facilities in regularly scheduled trips at the beginning and end of the court day. As such, appellant's presence in the courthouse, and the concomitant failure to have transferred custody of him to executive authorities, was fortuitous insofar as resentencing was concerned. We are not here presented with a situation in which transfer of custody was delayed to facilitate imposition of a more severe sentence, or in which such delay was occasioned by neglect or indifference. Nor do we have in this case a

trial court changing its mind with respect to the first sentence imposed. Rather, we review correction of a sentence never intended. Accordingly, the trial court's action is

Affirmed.