**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Chester Lee DAVIDSON,**
**Defendant-Appellant.**

**No. 78–1214.**

United States Court of Appeals,
Tenth Circuit.

Submitted on Briefs Oct. 6, 1978.

Decided April 23, 1979.

231

Norman D. Haglund and Terrance R. Kelly, of Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for defendant-appellant.

Before LEWIS, McWILLIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Chester Lee Davidson, an inmate at the Federal Correctional Institution, El Reno, Oklahoma, was convicted by a jury of assaulting a fellow inmate with an intent to commit murder in violation of 18 U.S.C. § 113(a). Davidson was also convicted on a second count charging him with conveying a knife from place to place within the institution. 18 U.S.C. § 1792. Davidson was sentenced to a term of ten years on the assault to commit murder charge, and a five-year term on the second count, the two sentences to be served concurrently. No mention was made by the trial judge at that particular time as to whether the sentences thus imposed were to be served concurrently with or consecutively to the bank robbery sentence which Davidson was serving in the El Reno institution at the time of the incident which formed the basis for the present prosecution. However, about one and one-half hours after sentencing, Davidson was returned into open court by the United States Marshal, and with his attorney present, Davidson was advised by the sentencing judge that the two sentences previously imposed were to be served consecutively to the sentence for bank robbery which Davidson was then serving.

Davidson now appeals and raises four grounds for reversal: (1) insufficient evidence to support the assault to commit murder conviction; (2) inadmissible evidence; (3) improper comment by Government counsel in his closing argument; and (4) improper sentencing.

The jury was instructed on both assault to commit murder and the lesser included offense of assault with a deadly weapon. By its verdict the jury rejected the lesser charge and convicted Davidson of the greater one. On appeal it is contended that there is insufficient evidence to show

Larry D. Patton, U. S. Atty., and Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

that Davidson had a specific intent to commit murder. We disagree.

The Government's evidence established that a fellow inmate, one John Mathis, and Davidson had known each other in Texas prior to their incarceration in the El Reno institution. There apparently was a long-standing dispute between the two to the end that Mathis sought and obtained segregation in the institution for his self-protection. A prison counsellor at El Reno attempted to mediate the dispute, and on Davidson's assurances that any differences between Davidson and Mathis would not be settled within the prison, Mathis returned to the general prison population. Some time later, according to Mathis, Davidson assaulted him with a sharpened dining room knife and inflicted three stab wounds, two on the back of the neck and one in the chest area. Such wounds proved not to be serious, although Mathis was hospitalized briefly.

Mathis' version of events was substantiated by two fellow inmates who testified, in effect, that Davidson was the assailant. However, Davidson testified in his own defense and declared that Mathis was the aggressor, and that he, Davidson, was in fact the victim. Davidson's version of events was corroborated, in part, by a fellow inmate.

By its verdict, the jury rejected Davidson's testimony and accepted the testimony of the several Government's witnesses. We believe that the Government's evidence did establish a *prima facie* case of assault to commit murder. A deadly weapon was used, namely a dining room knife sharpened to a point, with a homemade handle affixed thereto. Stab wounds were inflicted which were potentially, though not in fact, serious. These facts and circumstances, viewed in a light most favorable to the prevailing party in the trial court, are sufficient to support the conviction on the assault to commit murder charge. Intent, of course, is seldom established by direct evidence, and resort must generally be made to circumstantial evidence. *United States v. White*, 557 F.2d 233, 235–36 (10th Cir. 1977),

and *United States v. Curtis*, 537 F.2d 1091, 1097 (10th Cir.), *cert. denied*, 429 U.S. 962, 97 S.Ct. 389, 50 L.Ed.2d 330 (1976).

■ As indicated, all of the witnesses to the assault, be they Government witnesses or defense witnesses, were inmates in the penal institution at El Reno. In the direct examination of certain of the Government's witnesses, reference was made, over objection, to the so-called "prison code" which disfavors any "snitching" by one inmate on another. This was done, according to counsel on appeal, to "bolster" the credibility of the Government's inmate witnesses. Under the circumstances, i. e., the assault having taken place in a penal institution and the only witnesses to the assault having been other inmates, it is not surprising that testimony concerning prison life in general, and prison behavioral codes in particular, would surface. Any possible error in this regard is, in our view, harmless. Most certainly such would not justify reversal.

■ Although no objection was made by defense counsel to the closing argument of Government counsel, on appeal, new counsel argues that such closing argument was highly improper and constitutes plain error. We need not delve into great detail on this point. We have read the closing argument of Government counsel, and nothing was said which was outside the realm of fair comment. Certainly nothing was said which would warrant reversal.

■ At sentencing, Davidson was sentenced to ten years on the assault count and five years on the second count of the indictment, such terms to be served concurrently. As indicated, no mention was made as to whether these two sentences were to be served consecutively to or concurrently with the sentence that Davidson was then serving in the El Reno institution. Although the record is not entirely clear, it would appear that this sentencing took place shortly before noon, and after Davidson was kept briefly in a detention cell in the courthouse, the United States Marshal placed him in a vehicle and was transporting him from Oklahoma City, Oklahoma

back to El Reno, when the Marshal was ordered via car radio to return Davidson to the courtroom. In any event, Davidson was brought back to court at about one o'clock on that same afternoon. With both Davidson and his counsel present, the trial judge advised Davidson, in open court, that the sentences previously imposed that morning were to be served consecutively to the sentence which he was then serving. Such proceeding, according to defense counsel, is "impermissible" on the ground that it is a form of double jeopardy prohibited by the Fifth Amendment. We do not agree.

In support of his Fifth Amendment argument, counsel relies primarily on *Borum v. United States*, 133 U.S.App.D.C. 147, 409 F.2d 433 (1967), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969). In *Borum*, as in the instant case, the sentencing judge neglected to state whether the sentences which he was then imposing were to run consecutively to or concurrently with the sentence which the defendant was then serving. Five days later, after the defendant had started to serve the sentences which had been most recently imposed, the defendant was returned to open court and informed that his sentences were to be served consecutively to the sentence which he was previously serving. The Circuit Court for the District of Columbia held that the attempted "clarification," i. e., making the latter sentences consecutive to the earlier one, was improper and in violation of the double jeopardy clause.

*Borum* is of course distinguishable. As indicated, in *Borum* it was conceded that the defendant had been received at the penal institution wherein he was to serve the sentences most recently imposed. In the instant case, the place where Davidson was to serve the sentences imposed in connection with the assault to commit murder charge had not as yet been determined. Nor had he yet been returned to the Federal Correction Institution at El Reno. He was merely en route from Oklahoma City to El Reno in the custody of the United States Marshal when he was intercepted and returned to court. Davidson was still within judicial custody, as opposed to executive custody. 18 U.S.C. § 3568 provides, with exceptions not here pertinent, that a sentence of imprisonment of any person does not commence to run until he is received at the institution for service of such sentence. Under this statutory test, Davidson had not yet commenced to serve the sentences imposed in connection with the assault in El Reno when he was returned to the courtroom for a clarification of his sentences. For a general discussion of this matter, see Annot., 159 A.L.R. 161 (1945). See also *Rowley v. Welch*, 72 U.S.App.D.C. 351, 114 F.2d 499 (1940), and *Miller v. Snook*, 15 F.2d 68 (N.D.Ga.1926).

Our attention has not been drawn to any case with facts identical to those in the instant one. *Borum*, as above pointed out, involves a different fact situation. In *Vincent v. United States*, 337 F.2d 891 (8th Cir. 1964), the defendant had not yet left the courtroom when he was brought back to the bar and an earlier sentence imposed on the second count of the indictment was increased. In *Vincent* such resentencing was held to be proper because the defendant had not commenced serving the original sentence at the time it was altered. In *Walton v. United States*, 92 U.S.App.D.C. 26, 202 F.2d 18 (1953), the defendant had been removed from the courtroom, but was temporarily confined in a cellblock in the courthouse building when he was returned to court and given a greater sentence than first imposed. Such was held not to be violative of the Fifth Amendment on the ground that the defendant had not been transferred to executive custody when the amended sentence was imposed. We think the reasoning of *Vincent* and *Walton* defeats Davidson's double jeopardy argument since, under the circumstances described in the record before us, he was still in judicial custody.

Judgment affirmed.