817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allan BAILEY, Defendant-Appellant.
 No. 86-5667.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1987.
Decided April 23, 1987.
 
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 Thomas C. Carter, on brief, for appellant.
 Henry E. Hudson, United States Attorney, David S. Cayer, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Michael Allan Bailey appeals his convictions for assault with intent to commit murder and assault resulting in serious bodily injury, 18 U.S.C. Secs. 113(a), (f). On appeal, Bailey maintains that there was insufficient evidence to sustain the jury's finding of intent to commit murder and that the trial judge erred in ruling that testimony of a government witness was not hearsay under Fed.R.Evid. 801(d)(1). Finding no merit in either contention, we affirm the convictions.
 
 
 2
 Both Tyrone Bolden and Thomas Driver testified that as they were walking to the dining hall of Lorton Reformatory, Bailey confronted Bolden about a stolen coupon book. As Bolden turned to walk away, Bailey stabbed him twice, in the chest and left flank. Bolden's injuries included a collapsed lung, a nicked kidney capsule and a four-inch deep wound to his flank. He underwent emergency surgery to stop profuse bleeding.
 
 
 3
 Bailey argues primarily that the requisite intent to murder was not established because Bolden was not hurt badly enough. Additionally, Bailey contends that if he had intended to murder Bolden, he would not have attacked him in the presence of two witnesses.
 
 
 4
 We find that, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have found the requisite intent beyond a reasonable doubt. See Jackson v. Virginia 443 U.S. 307, 313-16 (1979). At least one court has found that evidence of use of a deadly weapon, coupled with potentially serious wounds, is sufficient to convict of assault with intent to commit murder. United States v. Davidson, 597 F.2d 230, 232 (10th Cir.1979). The facts of this case are more compelling than those in Davidson, for Bolden's wounds, previously described, were indeed serious.
 
 
 5
 Over defense counsel's objections, Lieutenant Herbert was allowed to testify that shortly after the stabbing, Driver told him that Bailey had attacked Bolden. Subsequently, Driver identified a photograph of Bailey as that of the assailant. The district judge concluded that, under Fed.R.Evid 801(d)(1), the testimony was not hearsay.
 
 
 6
 From our review of the transcript, we conclude that the district court correctly allowed the testimony. Driver's statements that Bailey was the assailant, that he heard "something steel" hit the ground after the stabbing and that Bailey then fled, were subject to cross-examination. Clearly, the statement to Lt. Herbert that Bailey stabbed Bolden was not hearsay, as it was "one of identification of a person made after perceiving him." Fed.R.Evid. 801(d)(1)(C).
 
 
 7
 As the dispositive issues recently have been authoritatively decided, we dispense with oral argument. The judgment of conviction is affirmed.
 
 
 8
 AFFIRMED.