**MIXON v. UNITED STATES.**

**No. 14952.**

United States Court of Appeals Fifth Circuit.

June 30, 1954.

Cleon B. Mixon, Jr., in pro. per.

Richard C. Baldwin, Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and RICE, District Judge.

HUTCHESON, Chief Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Louisiana, denying his Section 2255 petition to vacate sentence, on the ground that, "The Petitioner, on his arraignment and prior thereto, was represented by experienced and able counsel of his own choice. He entered a plea of guilty with the assistance of his counsel. The testimony of an agent, mentioned in support of the motion and petition, was given at the time of sentence on the plea and not at a trial on the merits. The motion, petition, files and records of the case conclusively show that the prisoner is entitled to no relief".

Urging upon us that his petition made allegations [1] of fact which, preventing disposition of it on the record already made, required that appellant be afforded opportunity to testify in their support, appellant is here insisting that the order was wrongly entered, and that it must be reversed.

We think it quite clear that the claims of appellant present at best for him claims of error only and not grounds for the collateral attack on the judgment authorized by Section 2255,[2] and whatever might be said of them if they were being urged on an appeal from the judgment complained of, present nothing for the consideration of the District Court or us in a proceeding of this kind.

The record in the District Court discloses the following pertinent facts: The appellant, along with one Gerald M. Spitzfaden, was indicted on February 26, 1953, for conspiracy to violate the Harrison Narcotic Act (Title 26, United States Code, Sections 2553(a) and 2554 (a). On March 4, 1953, at the time of arraignment, appellant appeared in court with counsel of his own choice, and through said counsel, entered a plea of not guilty, requested and received ten days in which to file defensive pleadings. (The record discloses that no such pleadings were thereafter filed.) On April 21, 1953, the date fixed for the trial of the case, the attorney retained by appellant made a motion for a thirty-day continuance, which motion was granted by the Court on the same date. On May 20, 1953, appellant, through counsel of his own choice, withdrew his former plea of not guilty and entered a plea of guilty. The District Court heard testimony by one Charles H. Kruszewski, Narcotic Agent, pertaining to the charge, and thereafter sentenced the appellant to the custody of the Attorney General for a period of three years.

All of the matters claimed if error were waived when the defendant pleaded guilty and did not appeal from his sentence. None of them are within the grounds for relief set out in Section 2255. Even where a convicted defendant had appealed, claiming that the District Court had erred in failing to follow the mandatory provisions of Rule 32 by asking the defendant whether he desired to make a statement the Court, in Sandroff

1. These allegations are: (1) that appellant did not enjoy the effective assistance of counsel; (2) that the Federal Narcotics Agent entrapped him into committing the offense; (3) that in violation of Rule 32, Title 18 U.S.C., the court did not, prior to sentencing, afford him an opportunity to be heard; (4) that petitioner was, by the conduct of his own counsel and that of the opposition, coerced into pleading guilty; and (5) that the Narcotic Agent gave conflicting testimony.

2. "A prisoner in custody under sentence of a court of the United States *claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,* may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *" (Emphasis supplied.)

v. United States, 6 Cir., 174 F.2d 1014, at page 1020, rejected the claim of error, saying:

> "While it would have been in appropriate conformity with the above rule had the district judge asked appellant Sandroff whether he desired to make a statement, it would appear from his inaction that Sandroff did not wish to do so. Though the judge posed the query, 'Anything further?', neither appellant nor his attorney spoke up to the effect that Sandroff wished to be heard or to present information in mitigation of punishment. We cannot say that appellant was not afforded an opportunity to make a statement. There is nothing to indicate that he was shut off. * * *"

The District Judge was right, for the reasons that he gave, in denying the petition. The order appealed from is affirmed.

Affirmed.

RIVES, Circuit Judge, specially concurring.

RIVES, Circuit Judge, (specially concurring).

If this were a direct appeal, I do not think that our following the Sixth Circuit's decision in Sandroff v. United States, 174 F.2d 1014, 1020, would justify affirmance. In that case, the judge posed the query, "Anything further?" while in the present case the record shows that the judge said simply, "Let the defendants stand", whereupon the defendants stood at the bar and the judge imposed sentence on each of them without further ado. Rule 32, Federal Rules of Criminal Procedure, is mandatory to the effect that, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." The requirement is deeply rooted in the common law. See Schwab v. Berggren, 143 U.S. 442, 446, 447, 12 S.Ct. 525, 36 L.Ed. 218. After being convicted, the defendant is usually so crushed as to hesitate to make demands lest they bring increased punishment. The rule contemplates no such demand, and clearly, without the necessity of any demand at that stage of the trial, the defendant's legal rights should be accorded to him by the court. I do not think, however, that the sentence was void, and my concurrence is based solely on the principle well stated by the Fourth Circuit in Taylor v. United States, 177 F.2d 194, 195:

> "Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."