**Harley W. PENCE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5006.**

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1955.

Alfred L. Capra, Denver, Colo., for appellant.

A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah (C. Nelson Day, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for the United States.

Before PHILLIPS, Chief Judge, BRATTON, Circuit Judge, and VAUGHT, District Judge.

PER CURIAM.

On October 26, 1951, an information was filed in the United States District Court for the District of Utah against Pence charging that on October 12, 1951, he transported a stolen motor vehicle from Garvey, California, to Fillmore, Utah, and that he then knew such motor vehicle had been stolen.

Prior to the filing of the information, the court appointed counsel to represent Pence. Pence was informed of his right to be prosecuted by indictment and of his privilege to waive prosecution by indictment and consent to be charged by information. After consulting with his counsel, Pence stated that he desired to waive indictment and be prosecuted by information. Whereupon, Pence filed in open court a written waiver in which he waived his right to be charged by indictment and consented to be charged by information. After consulting with his counsel, Pence stated that he was ready to plead, and entered a plea of guilty to the information. The matter was then continued for a pre-sentence report by the probation officer. On November 23, 1951, the matter came on for sentence. The court examined the pre-sentence report. Counsel for Pence had also examined such report. The court then inquired of Pence: "Have you anything to say for yourself? I have your whole record here, the history of yourself and your family, the trouble you have been in. You have been thoroughly investigated and there is very little to commend you." Pence made no further statement other than to reply to a question that he was 19 years of age. The court then sentenced Pence to imprisonment in the penitentiary for a term of three years. After sentencing Pence's codefendant, the court stated that he believed that Pence's record was worse than that of his codefendant, who was 16 years of age; that he was 19 years of age; and that he would impose the same sentence on Pence that he had on his codefendant, namely, imprisonment in a Federal penitentiary for a term of five years. Thereafter, Pence filed a motion to correct the sentence under 28 U.S.C.A. § 2255, setting up as grounds therefor that the three-year sentence was legal and the court was without power to modify that sentence by imposing a sentence of five years. The court entered an order denying the motion to correct the sentence. From that order, Pence has appealed.

Pence had not entered upon the service of the three-year sentence at the time the five-year sentence was imposed. Under the circumstances here presented, the power of the court to increase the sentence cannot be doubted. Acme Poul-

try Corp. v. United States, 4 Cir., 146 F.2d 738, 739; Walton v. United States, 92 U.S.App.D.C. 26, 202 F.2d 18, 19, 20. Counsel for Pence so concedes in his brief.

Pence contends that he was not given an adequate opportunity to refute the facts set forth in the pre-sentence report. The record discloses that counsel for Pence had examined the report and knew the contents thereof. Neither he nor Pence challenged any of the facts set forth in the pre-sentence report or asked an opportunity to refute the same. We think there was no violation of Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. See Sandroff v. United States, 6 Cir., 174 F.2d 1014, 1020; Mixon v. United States, 5 Cir., 214 F.2d 364, 365, 366. Consideration of matter set forth in the pre-sentence report by the judge in imposing sentence is proper. Williams v. New York, 337 U.S. 241, 249, 250, 69 S.Ct. 1079, 93 L.Ed. 1337.

We are of the opinion that the record wholly failed to establish any ground for relief under § 2255, supra.

Affirmed.