UNITED STATES of America,
Appellee,

v.

Henry Lee MILLER, Appellant.

No. 406, Docket 26793.

United States Court of Appeals
Second Circuit.

Argued June 7, 1961.

Decided Aug. 7, 1961.

Joan T. Harnes, Asst. U. S. Atty., E. D. of New York, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and GOODRICH * and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

Henry Lee Miller appeals from the denial without a hearing of his application for a writ in the nature of *coram nobis*. He seeks to vacate a conviction and sentence entered on October 11, 1951, in the United States District Court for the Eastern District of New York upon his plea of guilty to two counts of an in-

* Sitting by designation.

dictment charging him with theft and forgery of a United States Treasury check. This is the second application for such relief filed by Miller, the first having been made in January 1959, and denied without a hearing. The applications were made while Miller was incarcerated in Clinton State Prison, where he is confined pursuant to a sentence imposed upon him by the courts of New York State after his conviction for a felony and his sentence as a multiple offender.

The essence of Miller's present application is his claim that the procedures followed by the Secret Service agents who took him into federal custody on September 1, 1951, violated Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. He alleges in his petition that he was arrested by New York City Police on August 31, 1951, which was a Friday. On the following day, which was Saturday, he was turned over to the Secret Service agents who questioned him without bringing him before a United States Commissioner. While in their custody he executed a signed and sworn affidavit, dated September 1, 1951, in which he admitted that he had stolen and forged a United States Treasury check. He was first brought before a United States Commissioner on September 4, 1951, and remanded in lieu of $1,000 bail. The three-count indictment was filed on September 18, 1951, and on September 24 Miller was assigned counsel. He appeared with his attorney before Judge Byers in the Eastern District of New York on September 27, 1951, and after being warned of his rights he pleaded guilty to the first two counts of the indictment. On October 11, 1951, he was sentenced to imprisonment for two years on the forgery count of the indictment and for nine months on the theft count, the sentences to run concurrently. On the government's motion, the illegal possession count was dismissed.

■ The fact that Miller was first taken into federal custody on a Saturday and was brought before a United States Commissioner on the first succeeding business day (Monday, September 3,

1951, being Labor Day) makes it highly improbable that there is any substance to the contention that the confession elicited on Saturday would have been inadmissible at a trial under the exclusionary rule of Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479. However, even if it were proved at a hearing that a Commissioner was on duty on September 1, 1951, and that the delay in bringing Miller before him was an "unnecessary" one under Federal Rule of Criminal Procedure 5(a), the violation of Rule 5(a) is not a basis for vacating a conviction entered upon a voluntary plea of guilty. United States v. French, 7 Cir., 1960, 274 F.2d 297; United States v. Kniess, 7 Cir., 1959, 264 F.2d 353; Blood v. Hunter, 10 Cir., 1945, 150 F.2d 640. The sentence was based on the plea and not on the evidence. Mallory prohibits the use as evidence of confessions obtained during an illegal detention; it does not cast a cloud over pleas which are voluntarily entered by defendants whose treatment upon arrest may not meet the standards prescribed by the Federal Rules of Criminal Procedure.

■■ Moreover, even if Miller had proceeded to trial, and the confession had been used against him, he could not first raise the Mallory objection in a petition under 28 U.S.C. § 2255. United States v. Angelet, 2 Cir., 1959, 265 F.2d 155. The proper time to object to the failure to bring an accused before a Commissioner without unnecessary delay is at trial when the government offers in evidence the fruits of a period of illegal detention. Miller was assigned counsel several days before he was required to plead. The failure to arraign promptly could have been invoked as a ground for excluding Miller's statements at his trial. Having pleaded guilty the defendant elected to take a course which made it impossible ever to raise the claim of illegality of his detention.

■■ In his first application, Miller maintained that the district judge who sentenced him failed to observe the allocution requirement of Federal Rule of

Criminal Procedure 32(a). The transcript of the proceeding indicates that the following transpired:

The Court: Anything to be stated as to why sentence should not be imposed in this case?

(Mr. Williams [assigned counsel to Miller] addresses the Court on behalf of the defendant.)

The Court: In view of all the circumstances set forth in the presentence report under Count 1, the defendant is committed to the custody of the Attorney General of the United States for imprisonment in a Federal institution to be selected by him for a period of two years. Under Count 2 he is committed to the custody of the Attorney General of the United States for imprisonment in a Federal institution to be selected by him for a period of nine months; the sentences to run concurrently.

There being no stage directions in the record, we cannot say here, any more than the Supreme Court could in Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, that the defendant was not himself recognized and spoken to by the district judge in the impersonal terms which we have quoted. The transcript of the proceedings in which Miller pleaded guilty reveals that he was hardly garrulous, having uttered only thirty-seven words, of which nine were "Yes" responses to questions propounded by the court, when he appeared for pleading. At that time the court twice had to ask the defendant to speak louder. It seems most improbable, therefore, that Miller was prevented from speaking when he was presented for sentencing. Since the sentence has already been served, it would be futile to remand even if there were merit to the first point. The most that may be required when there has been a failure to comply with Rule 32(a) is that the defendant be resentenced; such failure does not warrant vacating the judgment of conviction. See Mixon v. United States, 5 Cir., 1954, 214 F.2d 364.

The present application does not repeat the allegation regarding 32(a). But assigned counsel for Miller argues that, taken together with the alleged violation of Rule 5(a), the court's failure to inquire of the defendant personally whether he wished to be heard denied the defendant his last opportunity to withdraw his plea and to bring to the court's attention the violation of Rule 5(a) which produced his confession. But, as shown above, there is no support in the record that Miller was denied the opportunity to speak. So far as this shows, he voluntarily remained silent and permitted his attorney to address the court in his behalf.

The court commends counsel assigned on this appeal for his able presentation of the petitioner's appeal.

Affirmed.