THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARCELIO HERNÁNDEZ ET AL., Defendants and Appellants.

No. CR-66-102.       Decided February 24, 1967.

---

112

Santos P. Amadeo and Guillermo Bird Martínez for appellants.
J. F. Rodríguez Rivera, Acting Solicitor General, and Elpidio Arcaya, Assistant Solicitor General, for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Rule 166 of the Rules of Criminal Procedure of 1963 provides, *inter alia*, that in cases of felony, when the defendant appears in court for judgment, he must be informed of the nature of the information and of the pronouncement of sentence, "and must be asked whether he has any legal cause to show why sentence should not be imposed on him." Similar provisions were contained in § 318 of the Codes of Criminal Procedure of 1902 and 1935.

█ This practice of asking the convict if he has anything to say why sentence should not be imposed on him, known as *allocutus* or allocution, had its origin in the English common law. It responded principally not only to the severity of the penalties which could be imposed—except for petit larceny and mayhem, the other felonies were punishable with death[1]—but also, since the convict was not permitted

---

[1] In addition to the penalties imposed on defendant, the conviction produced the immediate loss of civil rights and extreme patrimonial consequences like the confiscation of his property in favor of the crown.

to have counsel or to testify on his own behalf, to give him an opportunity to make a statement in his defense or to present information constituting mitigating circumstances. For the development of the doctrine see Barret, *Allocution*, 9 Mo. L. Rev. 115 and 232 (1944); 3 Orfield, Criminal Procedure from Arrest to Appeal 526. As time passed it has been object of codification and so it was incorporated into Rule 32(a) of the Federal Rules of Criminal Procedure.

In *Green* v. *United States*, 365 U.S. 301 (1961), the genealogy of the rule is outlined and an addition is made in the sense that since 1689 it was recognized that the Court's failure to ask the defendant if he had anything to say before sentence was imposed was an error which required reversal. The dual role of the federal rule in permitting the invitation to defendant to speak and to present the concurring mitigating circumstances is emphasized[2] to conclude that it is not sufficient that counsel for the defense be afforded a similar opportunity, but it is necessary that it be given to the defendant personally. However, failure to give allocution is cured by remanding the case for resentencing, after he is heard,[3] since the error occurred after the verdict and it only affects the sentence imposed, *Cuozzo* v. *United States*, 325 F.2d 274 (5th Cir. 1963); *United States* v. *Allegrucci*, 299 F.2d 811 (3d Cir. 1962); *United States* v. *Miller*, 293 F.2d 697 (2d Cir. 1961); *Bryant* v. *State*, 159 So.2d 627 (Ala. 1964). Even on those occasions where it has been determined that it constitutes error it has been

---

[2] The provision of Federal Rule 32(a) which permits "to present any information in mitigation of punishment" was not expressly incorporated in Rule 166. It is Rule 171 which permits hearing evidence on circumstances either in mitigation or aggravation of the punishment for the purpose of imposing sentence. See *People* v. *Ortiz*, 46 P.R.R. 1 (1934); *People* v. *Liceaga*, 36 P.R.R. 403 (1927); *People* v. *De Thomas*, 9 P.R.R. 510 (1905); and *People* v. *Brenes*, 9 P.R.R. 503 (1905).

[3] The contention of absence of allocution cannot be raised by collateral attack. *Machibroda* v. *United States*, 368 U.S. 487 (1962), *Hill* v. *United States*, 368 U.S. 424 (1962).

examined to determine whether it is prejudicial, *State* v. *Engberg*, 400 P.2d 701 (Kan. 1965); *People* v. *Allen*, 211 C.A.2d 341 (1962); *People* v. *Straw*, 209 C.A.2d 565 (1962). In general, see Annotation, *Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him*, 96 A.L.R.2d 1292 (1964).

The general principles on the practice of allocution having been established, there remains to be considered appellants' contention as to the failure of the trial court to comply with the provisions of Rule 166. Having received the unanimous verdict of the jury finding defendants guilty of murder in the first degree and rape, the judge set the pronouncement of judgment for the following week. Immediately one of the attorneys for the defense stated:

"We would like to inform the court that it is defendants' wish that they be sentenced immediately and thus we request that the court proceed to the pronouncement of sentence."

The presiding judge asked the defendants:

". . . Your attorney has stated that you waive the right not to have sentence pronounced until at least three days after the verdict, he requests that sentence be pronounced today, is that your wish?"

They answered:

"Yes, sir, yes, sir, yes, sir."

The judge proceeded to sentence them to life imprisonment, in the case of murder in the first degree, and to serve indeterminate sentences of 10 to 20 years in the case of rape, to be served concurrently.

■ In *People ex rel. López* v. *Pérez*, 54 P.R.R. 763 (1939), we said that when it does not appear from the judgment in a criminal cause that the requirement of giving defendant the pertinent legal warnings before pronouncing the same has been complied with, the presumption on appeal

is, in the absence of evidence to the contrary in the record, that the provisions were complied with. From the incident copied above it may be observed that the failure to give an allocution affirmatively appears from the transcript. The intervention of counsel for the defense cannot be considered effective either, since we adopted as a rule in the interpretation of our Rule 166 the decision of the Federal Supreme Court in *Green* v. *United States, supra,* in the sense that the invitation to speak must be personally afforded to the convict. But this noncompliance, at the most, would require, not that the judgment be reversed but merely that it be vacated for resentencing of appellants after giving allocution. It is so provided by Rule 167: "If the sentence pronounced is not in accordance with the provisions of the preceding Rule, the court shall set it aside and proceed according to said Rule."

▇ Notwithstanding the foregoing, there are present in the case at bar circumstances which make the remanding unnecessary since Rule 166 must be read together with Rule 168 which expressly enumerates the *only causes* why defendant may request that sentence should not be pronounced. Rule 168 reads:

"The defendant may request and show in the appropriate cases, that sentence should not be pronounced against him only by reason of the following causes:

(a) That he has become insane after the verdict was rendered or the judgment pronounced.

(b) That he has been granted a pardon for the crime tried in the cause for which sentence is to be pronounced against him.

(c) That he is not the person against whom the verdict was rendered or the judgment pronounced.

(d) That the provisions of Rule 162 have not been fulfilled.

(e) That the offense of which he was declared guilty was barred by the statute of limitations."

None of the causes enumerated may be adduced. And as to the mitigating circumstances, Rule 171, none may be con-

sidered since this is a conviction of a crime which entails the mandatory penalty of life imprisonment. *Brine* v. *State*, 205 A.2d 12 (1964). As to the penalty imposed for rape, in view of its concurrence with that of the murder, no prejudice could have been caused. As a matter of fact, appellants were confined in prison for over twelve calendar years and have therefore already served the minimum term imposed on them.[4]

■ 2. As second error it is assigned that the trial court erred, in instructing the jury that in considering the testimony of the defendants they should bear in mind the interest that every defendant has in his own case. *Ferguson* v. *Georgia*, 365 U.S. 570 (1961), invoked by appellants, has no relation with the contention; it merely establishes that a state law which precludes the accused in a penal cause from testifying in his own behalf violates the constitutional guaranty of the due process of law.

In *People* v. *Natal Rojas*, 93 P.R.R. 823 (1967), we passed on a similar assignment by saying:

"Although we approved instructions like this one in *People* v. *Febres,* per curiam decision of June 15, 1964, and in *People* v. *Morales,* 39 P.R.R. 27, 32–33 (1929), we have concluded that it is not wise to continue in the future the practice of thus charging the jury since it is not proper nor necessary to so qualify the testimony of the defendant. To leave to the opinion of the jury the weighing of that testimony constitutes a more sound justice. This ruling will only apply to persons whose trials shall begin on a date subsequent to the date of this judgment."

---

[4] Defendants had been convicted in a former trial in 1953. Defendants being unable to prepare the transcript of evidence for the purpose of perfecting the appeal we granted a new trial on June 7, 1965. They had been confined since April 27, 1953 until they posted bail at the end of July or the beginning of August 1965.

The trial of this cause having been held during October 5 and 6, 1965, appellants cannot invoke the decision in *Natal Rojas*.

3. The other errors assigned are unsubstantial or frivolous.

The judgments rendered by the Superior Court, Arecibo Part, on October 6, 1965 will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.