**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Larry Kenneth GONWARE, Defendant,**

**Glenn Holmes Bail Bond Agency, Appellant.**

**No. 23377.**

United States Court of Appeals
Ninth Circuit.
July 25, 1969.

William H. Abbot (argued), Sacramento, Cal., for appellant.

Richard W. Nichols (argued), Asst. U. S. Atty., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

A complaint filed with a United States Commissioner charged Larry Kenneth Gonware with a violation of Title 18, United States Code, Section 495, forgery of a United States Treasury Check. The appellant, Glenn Holmes Bail Bond Agency, agent for the Resolute Insurance Company, posted bail on May 9, 1968, in the amount set by the Commissioner of $2000. A Federal Grand Jury thereafter indicted Gonware for violation of 18 U.S.C. § 495. At the arraignment, June 3, 1968, the District Court continued the bail previously posted before the Commissioner. One week later, Gonware appeared before the Court and entered a plea of guilty. The Court continued the case to June 24, 1968, referring it to the probation office for an investigation and report. On June 24, 1968, the Court sentenced the defendant to imprisonment for three years. Upon the defendant's motion, the Court stayed execution of the sentence for two days until noon, June 26, 1968. The District Court ordered Gonware to report to the United States Marshal at that time.

After Gonware did not report to the Marshal as ordered, the Court granted the Government's motion to forfeit the defendant's bail. Glenn Holmes appeals from the District Court's judgment of forfeiture. Appellant argues that unless otherwise expressly provided in the bond, there is a change of custody from the bail to the law after imposition of sentence and, consequently, a surety is relieved of liability during the period in which execution of the sentence is stayed, unless the surety is present in court and consents to the release of the defendant during such period.

▇ A bail bond "is a contract between the sureties and the Government * * * and its application depends upon its wording and the applicable state law." Heine v. United States, 135 F.2d 914, 917 (6 Cir. 1943); see also Western Surety Co. v. United States, 72 F.2d 457, 459 (9 Cir. 1934). Like any other contract, a bail bond should be construed to give effect to the reasonable intentions of the parties. Palermo v. United States, 61 F. 2d 138, 142 (8 Cir. 1932); 8 C.J.S. Bail § 62.

▇ The bond in the present case provided for the defendant Gonware to appear before the United States Commissioner and in the event of the filing of an indictment or information against him "to appear in the United States District Court * * * in accordance with all orders and directions of the Court relating

---

* Honorable William M. Byrne, United States District Judge, Central District of California, sitting by designation.

to appearance of the defendant before said *Court*, or wherever prosecution may be ordered, in the proceedings under such indictment or information". The bond does not expressly cover the situation where there is a stay of execution of the sentence. The real issue is what did the parties intend in this situation.

■ Although the bond does not expressly cover the subject of stays of execution, the bond does require the defendant to appear in court in accordance with "all orders and directions of the Court" relating to the appearance of the defendant before the court, "or wherever prosecution may be ordered". "Prosecution" may be defined as "the following up or carrying on of an action or suit already commenced until the remedy be attained * * *." Lupton v. Chase Nat. Bank of City of New York, 89 F.Supp. 393, 397 (D.C.1950). Prosecution is not completed in a criminal case until the defendant begins to serve his sentence. Until he begins serving his sentence, a court may modify, or change, the sentence. Pence v. United States, 219 F.2d 70 (10 Cir. 1955); Walton v. United States, 92 U.S.App.D.C. 26, 202 F.2d 18 (1953). Thus, during the defendant Gonware's stay of execution of the sentence, he was still subject to the condition in the bond requiring him to appear "wherever prosecution may be ordered". His failure to report to the Marshal as ordered by the Court, breached this condition.

"The suspension of execution of a sentence until a definite date, is not an alteration of the recognizance releasing the surety." Orfield, Criminal Procedure Under the Federal Rules, Vol. 6, at 207; but see Anno; Bail: Stage of Proceeding at which Sureties are Discharged in Criminal Cases, 20 A.L.R. 595, 695; 8 Am.Jur.2d, Bail and Recognizance § 105; 8 C.J.S. Bail § 79. Further support for this view is that it is a common practice in the federal courts as well as the state courts, for defendants to request and for courts to grant short stays of execution of sentence to allow defendants to put their affairs in order before they start to serve their sentence. Even a bail bond broker would not expect the defendant to pay for an additional bond during the two day stay of execution. Given this widespread practice, it is reasonable that the parties to this bail bond intended that the surety would remain liable during a reasonable stay of execution of the sentence. If we were to accept the appellant's argument that the bonds of this particular surety contain an escape clause which results in a contrary determination, it would of necessity follow that each district in this circuit would be required to adopt a rule that, in all cases where bonds of this particular surety are involved, every time a defendant appeared for sentencing, his surety would also have to appear so that in the event of a stay of execution, the surety could consent to being liable on the bond for the period of the stay. It would appear that the resulting inconvenience might be considered tantamount to winning a battle and losing the war.

Appellant contends that the only cases which hold a surety liable for the defendant's non-appearance after a stay of execution are ones in which the bond contained either of the following two clauses: that the defendant shall "abide the judgment of the court," or "render himself in execution of the judgment." In the absence of either or both of these clauses, appellant urges that the surety is not liable after the sentence is pronounced. Appellant notes that the cases cited by Orfield, in support of his proposition that a stay of execution of sentence does not alter the recognizance thereby releasing the surety, all contain one of these clauses. In both United States v. Widen, 38 F.2d 517 (D.C.Ill.1930), and Detroit Fidelity and Surety Co. v. United States, 36 F.2d 682 (6 Cir. 1930), cited by Orfield, the bonds involved contained one of the above clauses. Yet, in applying the principles that a bail bond is a contract, and should be construed so as to give effect to the reasonable intentions of the parties, we hold that the language of the bond in this case indicates that the parties intended that the surety re-

main liable during a short stay of execution. It follows from this interpretation that it is not necessary for the surety to be present in court at the time of sentencing to give its approval to the stay of execution.

The judgment of forfeiture is affirmed.