**UNITED STATES of America**

v.

**Stephen Joseph DINNEEN.**

**Crim. A. No. 18257.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

June 16, 1977.

Judgment reversed, 5 Cir., 577 F.2d 919.

Edward L. Shaheen, U. S. Atty., and Frances O. Allen, Asst. U. S. Atty., Shreveport, La., for the government.

Emile A. Carmouche, Jr., Crowley, La., for defendant.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lawrence L. Lewis, III, Lafayette, La., for Resolute Ins. Co.

## JUDGMENT ON MOTION TO SET ASIDE ORDER FORFEITING BOND

PUTNAM, Senior District Judge.

This motion was argued to the Court on April 25, 1975, following which the Court allowed briefing time to the parties. Subsequent events involved the protracted illness of the trial judge which resulted in his taking senior status on December 19, 1975. Thereafter, for some unknown reason, the file remained dormant until the pendency of the motion was called to the attention of the Court under recent date.

We have reviewed the file and the record made up to submit in connection with the motion before the Court. The defendant, Stephen Joseph Dinneen, has not yet begun to serve the term to which he was sentenced. He is still a fugitive at this writing. The United States has concisely and adequately stated the facts in its memorandum in opposition to the motion to set aside the order forfeiting bail in the case of Mr. Dinneen. We adopt the statement of facts, discussion and conclusions as set forth in the brief as follows, viz:

### FACTS

#### I

On April 28, 1966, the Federal Grand Jury, sitting in and for the Western District of Louisiana, Lake Charles Division, returned a 25-Count Indictment in Criminal cause No. 17,697, six of the counts charged violations by Stephen Joseph Dinneen and others with fraud in the sale of securities in violation of 15 U.S.C. § 77q(a), mail fraud in violation of 18 U.S.C. § 1341 and conspiracy in violation of 18 U.S.C. § 371. Government Exhibit "A".

#### II

On April 28, 1966, bail for defendant Stephen Joseph Dinneen was set at $10,000 and a warrant issued for his arrest to answer to an indictment charging him with fraud in the sale of securities in violation of 15 U.S.C. § 77q(a), 18 U.S.C. § 1341 and 18 U.S.C. § 371. Government Exhibit "B".

### III

On May 6, 1966, the defendant, Stephen Joseph Dinneen, was arrested by the United States Marshal, Southern Division of Florida, pursuant to the above indictment. Government Exhibit "B". On that same date bail was set by the United States Magistrate (Commissioner) Edward P. Swan in the amount of $10,000 surety bond, and Stephen Joseph Dinneen tendered a $10,000 surety bond of the Resolute Insurance Company by its attorney in fact, James D. Morris, which was accepted by the United States Magistrate Edward P. Swan on the same day. Government Exhibit "C". Said appearance bond for Stephen Joseph Dinneen was accompanied by Power of Attorney of the Resolute Insurance Company No. 79458 which designated James D. Morris as its attorney in fact to execute a bail bond not to exceed the sum of $10,000. Government Exhibit "D".

### IV

The conditions of the bond are stated on its face as follows:

"The conditions of this bond are that the defendant Stephen Joseph Dinneen is to appear in the United States District Court for the Southern District of Florida at Miami, Florida and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given or issued by the Commissioner or by the *United States District Court for the Southern District of Florida, or any other United States District Court to which the defendant may be removed or the cause transferred*; that the defendant is not to depart the Southern District of Florida, or the jurisdiction of any other United States District Court to which the defendant may be removed or the cause transferred after he has appeared in such other district pursuant to the terms of this bond, except in accordance with such other orders or warrants as may be issued by the Commissioner or the United States District Court for the Southern District of

Florida or the United States District Court for such other district; that the defendant is to abide *any judgment entered in such matter by surrendering himself to serve any sentence imposed and obey any order or direction in connection with such Judgment as the Court imposing it may prescribe.*

" . . . *It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.*" Government Exhibit "C". Emphasis Supplied.

On May 27, 1966, the appearance bond, above mentioned, and described, was filed with the United States District Court for the Western District of Louisiana. See Minute Entry for that date, Government Exhibit "E".

### V

The only other entry in Criminal Action No. 17,697 involving the defendant, Stephen Joseph Dinneen's appearance bond, executed by Resolute Insurance Company, is found on December 5, 1966, at which time the Honorable Richard J. Putnam ordered the United States District Clerk of Court to notify Mr. James D. Morris, attorney in fact for Resolute Insurance Company, of Stephen Joseph Dinneen's failure to appear as previously ordered on December 2, 1966. See Minute Entries of December 2, 1966 and December 5, 1966, Government Exhibit "E" for that date and Government Exhibit "F", the clerk's letter written at the direction of the Court.

### VI

On October 24, 1967, the Grand Jury, duly convened at Shreveport, Louisiana, returned a seven-count indictment, superseding the one returned on April 28, 1966 and charging defendants Stephen Joseph Dinneen and Joseph Ryan Missett with fraud in the sale of securities in violation of 15 U.S.C. § 77q(a), mail fraud in violation of 18 U.S.C. § 1341 and conspiracy in violation of 18 U.S.C. § 371, which indictment was numbered Criminal Action No. 18,257 in the Western District of Louisiana. Govern-

ment Exhibit "G". A comparison of the two indictments reveals that Counts 1, 3, 4 and 7 of the indictment in Cr. No. 18,257 are essentially the same as Counts 1, 3, 13 and 25 of the indictment in Criminal No. 17,697. Counts 2, 5 and 6 of the indictment returned in Criminal No. 18,257 although alleging violations of the same criminal statutes, were for violations occurring on dates not specifically charged in the indictment in Criminal No. 17,697. Compare Government's Exhibits "A" and "G".

### VII

On October 24, 1967, on motion of Assistant United States Attorney, E. V. Boagni, it was ordered by the Honorable Ben C. Dawkins, Jr., that the bonds filed by defendants Stephen Joseph Dinneen and Joseph Ryan Missett in Criminal No. 17,697 would apply in the case of Criminal No. 18,257. Minute Entry 10/24/67, Government Exhibit "H".

### VIII

On October 26, 1967, a letter from the United States Attorney's Office was sent to Mr. Emile A. Carmouche, Attorney at Law, P.O. Box 605, Crowley, Louisiana, with copies to defendants, Stephen Joseph Dinneen and Joseph Ryan Missett, and a copy by certified mail on November 9, 1967 to Resolute Insurance Company, 17 N.W. Miami Courts, Miami, Florida in which the superseding indictment and the Judge's Ruling that the defendants would remain at large under the $10,000 bonds furnished under the original indictment in Criminal No. 17,697 was explained. This letter was receipted for by S. Larson, as agent for Resolute Insurance Company, on November 13, 1967. Government Exhibit "I".

### IX

On November 2, 1967, the original indictment in Criminal No. 17,697 was dismissed as to the defendants, Stephen Joseph Dinneen and Joseph Ryan Missett only, on motion by the United States which was granted by the Honorable Richard J. Putnam. See Minute Entry of November 2, 1967. Government Exhibit "E".

### X

On February 2, 1968, Stephen Joseph Dinneen appeared and was arraigned before the Honorable Richard J. Putnam who, after receiving the defendant's plea of not guilty, ordered the defendant's bonds to remain the same. See Minute Entry February 2, 1968. Government Exhibit "H".

### XI

On June 21, 1968, Stephen Joseph Dinneen was found guilty of the charges contained in the indictment in Criminal No. 18,257 and the Honorable Richard J. Putnam ordered that he be released on the same bond. See Minute Entry June 21, 1968. Government Exhibit "H".

### XII

On October 3, 1968, at the conclusion of the hearing on defendant's motions (1) Arrest of Judgment; (2) Judgment of Acquittal Notwithstanding the Verdict and (3) For a New Trial, the defendant, Stephen Joseph Dinneen, was sentenced to a total of ten (10) years imprisonment. Oral motions were made by the defendants that the bond be enlarged to filing notice of appeal and the Honorable Richard J. Putnam ordered the defendant's bonds previously posted to remain the same. See Minute Entry October 3, 1968. Government Exhibit "H".

### XIII

A report of proceedings before the United States Commissioner, dated October 4, 1968, reflects that Stephen James (sic) Dinneen was released on $10,000 bail with the name and address of surety reflected as Resolute Insurance Company, Hartford, Connecticut. See Government Exhibit "J", and Minute Entry of October 10, 1968, Government Exhibit "H".

### XIV

On October 14, 1968, Notices of Appeal were filed on behalf of the defendant, Stephen Joseph Dinneen. See Minute Entry October 14, 1968, Government Exhibit "H".

### XV

On October 27 or 28, 1970, following Stephen Joseph Dinneen's unsuccessful appeal and the denial of writs in his case, the mandate was returned to this Honorable

Court. See Minute Entry October 28, 1970, Government Exhibit "H".

## XVI

On December 21, 1970, the Honorable Donald E. Walter, United States Attorney, Western District of Louisiana, notified Resolute Insurance Company, by registered mail, that the mandate of the Fifth Circuit Court of Appeals had been returned and that Stephen Joseph Dinneen had failed to surrender. He thereby requested that they arrange to have the defendant surrender himself to the United States Marshal within ten days from their receipt of his letter. This letter was received by an agent for Resolute Insurance Company on December 28, 1970. Government Exhibit "K".

## XVII

In addition to the foregoing, the files of the office of the United States Attorney for the Western District of Louisiana reflect that subsequent to the filing of the indictment in Criminal No. 18,257, Resolute Insurance Company was given notice by virtue of request for the appearance of Stephen Joseph Dinneen on January 19, 1968, February 5, 1968, May 7, 1968 and September 19, 1968 that they continued to be responsible for the appearance of Stephen Joseph Dinneen. Government Exhibits "L" through "O".

## XVIII

On November 7, 1974 on motion by the United States, this Honorable Court ordered that the surety bond given by Resolute Insurance Company in connection with the appearance of Stephen Joseph Dinneen be forfeited.

## DISCUSSION

Resolute Insurance Company has filed a Brief of Authorities herein in Opposition to the Motion for Judgement on the Appearance Bond and in Support of their Motion to Set Aside the Order Forfeiting the Bail Bond. In his memo, counsel for Resolute Insurance Company has cited several decisions which state that an appearance bond, such as the one in question, constitutes a contract involving the principal and surety and the Government and is to be strictly construed in accordance with its own terms. One of the cases cited for that proposition is the case of *United States v. Gonware*, 415 F.2d 82 (9 Cir. 1969), which case involved an almost identical situation to the one presently under consideration and in fact involved a surety bond posted by the Resolute Insurance Company. Although the Court does not set out the full terms of the bond provided, it did quote the bond in part as follows:

"To appear in the United States District * * * in accordance with all orders and directions of the Court relating to the appearance of the defendant before said Court, or whenever prosecution may be ordered, in the proceeding under such indictment or information". 415 F.2d 82, at 83, 84.

The facts in *Gonware* reveal that the defendant was arrested on May 9, 1968 on a complaint filed before the United States Commissioner who set his bond in an amount of $2,000.00. A Federal Grand Jury thereafter indicted Gonware for a violation of 18 U.S.C. § 495 and at the arraignment, on this charge, the District Court continued the bail previously set before the Commissioner. One week later, Gonware appeared before the Court and entered a plea of guilty and the Court continued the case until June 24, 1968, referring it to the Probation Officer for an investigation and report. On June 24, 1968, the Court sentenced the defendant to imprisonment for three (3) years. Upon the defendant's motion, the Court stayed execution of the sentence for two (2) days until June 26, 1968 ordering him to report to the United States Marshal at that time. Thereafter, the Court granted the Government's Motion to Forfeit the Bail Bond and the bondsman appealed claiming that the surety was relieved of liability during the period in which execution of the sentence was stayed, unless the surety is present in Court and consents to the release of the defendant during such period. In dealing with this contention by the surety the 9th Circuit states:

"Although the bond does not expressly cover the subject of stays of execution, the bond does require the defendant to appear in court in accordance with 'all orders and directions of the Court' relating to the appearance of the defendant before the court, 'or wherever prosecution may be ordered'. 'Prosecution' may be defined as 'the following up or carrying on of an action or suit already commenced until the remedy be attained * * *.' *Lupton v. Chase Nat. Bank of City of New York*, 89 F.Supp. 393, 397 (D.D.C.1950). *Prosecution is not completed in a criminal case until the defendant begins to serve his sentence.* Until he begins serving his sentence, a court may modify, or change, the sentence. *Pence v. United States*, 219 F.2d 70 (10 Cir. 1955); *Walton v. United States*, 92 U.S. App.D.C. 26, 202 F.2d 18 (1953). Thus, during the defendant Gonware's stay of execution of the sentence, he was still subject to the condition in the bond requiring him to appear 'wherever prosecution may be ordered'. His failure to report to the Marshal as ordered by the Court, breached this condition." (415 F.2d 82, 84) Emphasis supplied.

In the instant case, the language of the bond, as quoted above, makes it ultimately clear that "the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the Court imposing it may prescribe" and further that "It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated."

It is contended by the United States that, by this "contract" entered into by Resolute Insurance Company, it was bound to deliver the defendant, Stephen Joseph Dinneen, following the return of the mandate by the Fifth Circuit Court of Appeals, as their liability on the bond continued on orders issued by the District Court in accordance with the agreement they entered for Stephen Joseph Dinneen's appearance on the 6th day of May, 1966.

 Counsel for the surety argue that the dismissal of the original indictment in Criminal No. 17,697 relieved them of any liability under the bond posted for Stephen Joseph Dinneen in that action. That issue, however, was not raised until the instant proceedings were instituted and should be given little consideration by the Court, as per the letter, dated December 28, 1970, from Bobby J. Maynard representing Resolute Insurance Company, he all but admits that Resolute Insurance Company's liability continued in Criminal No. 18,257 up until the point of sentencing in that matter.* Even if the Court were to determine that Resolute Insurance Company was not bound by the apparent admission in Mr. Maynard's letter of December 28, 1970, it is clear that the charges against Stephen Joseph Dinneen, for which Resolute Insurance Company insured his appearance, were continued without interruption despite the technicalities of the superseding indictment and subsequent dismissal of the original indictment. Counsel for Resolute Insurance Company has cited numerous cases which held that the dismissal or vacation of an indictment or information discharges the obligation of the surety on a bail bond executed in connection with the charge. The only case cited that has any applicability to the instant proceeding is that of *All Florida Surety Company v. State*, 78 So.2d 89 (Florida, 1955), as a bond contract must be interpreted in light of the applicable law of the state in which it was made, *United States v. D'Anna*, 487 F.2d 899 (6th Cir. 1973) and cases cited therein.

A careful reading of *All Surety* will reveal a result entirely opposite to Resolute's position in the instant matter, as in *All Surety* the judge dismissed the original complaint and failed to order the prosecutor to file new information which under the

---

* This letter was admitted as Government Exhibit 1 during oral argument before the court on April 10, 1975, but is not attached to the brief as the United States does not possess another copy thereof.

# 26

applicable Florida statute was required in order to continue the liability of the surety. In the instant case, Stephen Joseph Dinneen continued under an obligation to appear from the 6th. of May, 1966, the time of his arrest, until such time as he surrendered himself to serve the sentence imposed, as the superseding indictment was filed on October 24, 1967 prior to the dismissal of the original indictment on November 2, 1967. There was thus no termination of prosecution as contemplated in the *All Florida Surety* case and as argued by Resolute Insurance Company as the basis of their opposition for judgment on the appearance bond.

 In addition to the excellent presentation of the matter for the Government incorporated hereinabove, the Court notes especially that the Surety, Resolute Insurance Company, never at any time voiced any objection to the superseding indictment although they were duly notified of the orders of court continuing the same bond for the defendant, nor did they voice any objection to the fact that the bond was continued while the case was being appealed. It is, in the opinion of this court, clearly within the terms of the undertaking by Resolute Insurance Company that the accused appear to answer to the charges and that the bond continue in effect until such time as he either delivered himself to serve the sentence of the Court or was discharged therefrom. For later authorities on the subject, see annotation in 24 ALR Fed., page 580 et seq.

The attorney for the Government shall prepare and file a formal judgment in keeping herewith and may proceed for the collection of the bond as provided by law. Judgment shall not be entered until such formal order is presented, signed and filed with the Clerk.